UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA PHILLIPS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | )   CAUSE NO. 1:10-cv-610-WTL-TAB |
| | ) |
| VASIL MANAGMENT COMPANY, INC., | ) |
| et al., | ) |
| | ) |
|    Defendants. | ) |

### ENTRY REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND THE DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ADDRESSING THAT MOTION

The Court referred the Plaintiff's Motion for Award of Attorney's Fees Incurred in Bringing Successful Motion to Compel (dkt. no. 64) to Magistrate Judge Tim Baker for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), which he entered on November 14, 2011 (dkt. no. 80). The Defendants filed timely objections to the report and recommendation and the Plaintiff filed a timely response to the objections. The Court has conducted the requisite *de novo* review of the issues raised by the Defendants' objections and, being duly advised, finds those objections to be well-taken to the extent set forth below.

Magistrate Judge Baker thoroughly and accurately set forth the applicable legal standard, and the Court will not repeat it in detail here. With regard to the facts, suffice it to say that when the Defendants repeatedly failed to respond to the Plaintiff's interrogatories, the Plaintiff was forced to file a motion to compel those responses. In response to the motion to compel, the Defendants finally served their responses to the interrogatories, which included objections that the Plaintiff had exceeded the 25-interrogatory limit and that the interrogatories were overly burdensome and unreasonably cumulative or duplicative. The Defendants also filed a response to the motion to compel in which they included (in contravention of this court's local rules, which

require each motion to be filed separately) a "cross-motion" to limit the number of interrogatories to 25. The Plaintiff then filed a reply in which she pointed out the numerous deficiencies in the interrogatory responses and argues that the Defendants' objection to the number of interrogatories was untimely and therefore waived, as were all of its other objections. Magistrate Judge Baker granted the Plaintiffs' motion to compel, agreeing that the Defendants had waived any objections they may have had by failing to respond to the interrogatories in a timely manner. The Plaintiffs then filed the instant motion for attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5).

Inasmuch as Rule 37(a)(5) mandates an award of attorney fees under these circumstances, there being no indication that the Defendants' failure to fulfill their discovery obligations was substantially justified or that there are circumstances that would make a fee award unjust, the only question is what the appropriate amount of the fee award is. The Plaintiff requested $9,060.00, which equates to 30.2 hours at $300 per hour. The Defendants argued before Magistrate Judge Baker and argue still that both the hourly rate and the number of hours sought by the Plaintiff is unreasonable.

With regard to the reasonableness of Plaintiff's counsel's $300 hourly rate, the Plaintiff submitted no affidavit or other evidence that would support a finding that the rate was reasonable; Plaintiff's counsel's affidavit states only that his "hourly rate is $300." "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed," *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir.1999), and the Plaintiff has wholly failed to satisfy her burden of proving that a $300 hourly rate is reasonable in this market for this type of work. Indeed, there is essentially nothing in the record from which the Court could determine a reasonable hourly rate. However, the Defendants concede that a $225 hourly rate–which is what their own counsel are charging them in this case for associate

2

work–is reasonable. In the absence of any evidence to support a higher rate, the Court adopts $225 as the appropriate hourly rate for Plaintiff's counsel.

With regard to the number of hours claimed by the Plaintiff, the Court agrees with the Defendants that it was not reasonable for a senior associate to spend 30.2 hours on what was a very straightforward discovery issue. At least at the outset, there was no dispute regarding the appropriateness of the discovery requests at issue; the problem was that the Defendants had not responded to those requests at all. Therefore the 9.3 hours that Plaintiff's counsel spent on preparing to draft, drafting, and editing the motion to compel–which needed only to inform the Court that the Defendants' responses were long overdue and to request an order compelling the responses–is excessive. The Court reduces the hours sought by the Plaintiff for time spent up to and including the date the motion to compel was filed to four hours.

On March 3, 2011, Plaintiff's counsel billed .1 hour for "reviewing an ECF filing from the court on the motion to compel." Inasmuch as there was no "ECF filing from the court" on that date, the Court declines to include this .1 hour in the fee award.

Plaintiff's counsel seeks a total of twelve hours for drafting and revising his reply in support of the motion to compel. Magistrate Judge Baker reduced those hours to six in light of the relatively simple issues involved. The Defendants argue that they should be reduced even further; however, the Court believes that six hours is reasonable.[1]

Finally, the Defendants argue that it was improper for the Plaintiff to recover for time spent drafting her motion for attorney fees and for other activities, such as attending a pretrial

---

[1]The Court disagrees with the assertion that the Plaintiff cannot recover for that portion of the brief in which she responds to the Defendants' "cross-motion" to limit the number of interrogatories to 25. The arguments denominated by the Defendants as a cross-motion were, in fact, arguments in response to the motion to compel; in essence, the Defendants were arguing that they should not be compelled to respond to the interrogatories because they were excessive in number. Thus the issues were sufficiently intertwined that they properly fall under the Rule 37(a)(5) fee award.

3

conference regarding the motion to compel, that the Defendants assert were not "directly related" to the filing of the motion to compel. That argument is without merit.

For the reasons set forth above, the Defendants' objections to the Report and Recommendation made by Magistrate Judge Baker are **sustained in part and overruled in part**. The Court **GRANTS** the Plaintiff's motion for attorney fees and awards the Plaintiff attorney fees in the amount of **$4,320.00** (18.8 hours at a rate of $225 per hour) to be paid **within 28 days of the date of this Entry**.

SO ORDERED: 01/19/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification